# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| BAPTIST HOSPITALS OF SOUTHEAST TEXAS, <br><br> Plaintiff, <br><br> v. <br><br> AETNA HEALTH INC., <br><br> Defendant. | § <br> § Civil Action No. 1:18-cv-00320 <br> § <br> § Judge Marcia Crone <br> § <br> § <br> § <br> § <br> § <br> § |

## PLAINTIFF'S MOTION TO REMAND

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................................. iii

1.  Background ..................................................................................................................... 1

    1.1. Contrary to Aetna's characterization, Baptist asserts a claim for breach of contract and seeks specific performance and injunctive relief, not ERISA benefits, because Aetna recently began disputing the contractual rate that it has paid for over five years. .......................................... 3

    1.2. After the state court entered a TRO enjoining Aetna from clawing back payment on valid claims that Aetna had already approved and paid at the agreed-upon rate, Aetna immediately and improperly removed to this Court. ............................................................................. 4

2.  Legal standard for removal ............................................................................................. 5

3.  This case should be remanded because Baptist's claim for breach of contract is not ERISA preempted. ....................................................................... 5

    3.1. Case law within the Fifth Circuit (including multiple cases lost by Aetna) is very clear that claims that implicate the rate of payment under a contract, rather than the right of payment under a benefit plan, are not preempted. ............................................................................. 6

    3.2. Baptist's breach of contract claim concerning the correct rate of payment under the Agreement is not preempted by ERISA. ................................ 6

4.  The Court should require Aetna to pay Baptist's attorneys' fees and costs related to Aetna's improper removal—Aetna and its counsel are very familiar with the governing legal standard and have been remanded to state court multiple times in similar cases. .......................................................... 9

5.  Conclusion .................................................................................................................... 10

    CERTIFICATE OF SERVICE ..................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aetna Health Inc. v. Davila*,
  542 U.S. 200 (2004) .................................................................................................................. 7

*African Methodist Episcopal Church v. Lucien*,
  756 F.3d 788 (5th Cir. 2014) ..................................................................................................... 5

*Carpenter v. Wichita Falls Indep. Sch. Dist.*,
  44 F.3d 362 (5th Cir. 1995). ...................................................................................................... 5

*Christie v. Aetna Health, Inc.*,
  No. 4:10–cv–1766, 2011 WL 5864248 (S.D. Tex. Nov. 22, 2011) ......................................... 11

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
  545 U.S. 546, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005) ........................................................... 5

*Howery v. Allstate Ins. Co.*,
  243 F.3d 912 (5th Cir. 2001) ..................................................................................................... 5

*Kelsey-Seybold Med. Group PA v. Great-W. Healthcare of Texas, Inc.*,
  611 Fed. Appx. 841 (5th Cir. 2015) ...................................................................................... 7, 9

*Kindred Hosps. Ltd. P'ship v. Aetna Life Ins. Co.*,
  3:16-CV-3379-D, 2017 WL 2505001 (N.D. Tex. June 9, 2017) ............................................. 11

*Lone Star OB/GYN Associates v. Aetna Health Inc.*,
  579 F.3d 525 (5th Cir. 2009) .......................................................................................... 7, 8, 12

*Mem'l Hermann Hosp. Sys. v. Aetna Health Inc.*,
  CIV A. H09-3342, 2010 WL 3817163 (S.D. Tex. Sept. 27, 2010) ......................................... 10

*Mem'l Hermann Hosp. Sys. v. Aetna Health Inc.*,
  CIV.A. H-06-00828, 2007 WL 1701901 (S.D. Tex. June 11, 2007) ....................................... 10

*Methodist Hosps. of Dallas v. Aetna Health Inc.*,
  3:13-CV-4992-B, 2014 WL 3764879 (N.D. Tex. July 30, 2014) ............................................ 11

*N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*,
  782 F. Supp. 2d 294 (S.D. Tex. 2011) .................................................................................. 8, 9

*Ne. Hosp. Auth. v. Aetna Health Inc.*,
  H–07–2511, 2007 WL 3036835 (S.D. Tex. Oct. 17, 2007) ....................................................... 9

*Plano Orthopedic & Sports Med. Ctr., P.A. v. Aetna Health, Inc.*,
  3:12-CV-01744-L, 2012 WL 5355800 (N.D. Tex. Oct. 30, 2012) ............................................ 10

*Plano Orthopedic & Sports Med. Ctr., P.A. v. Aetna U.S. Healthcare of N. Texas, Inc.*,
  3:09-CV-2124-L, 2011 WL 1428977 (N.D. Tex. Apr. 12, 2011) ............................................ 10

*S. Texas Spinal Clinic, P.A. v. Aetna Healthcare, Inc.*,
  CIV.A.SA-03-CA0089FB, 2004 WL 1118712 (W.D. Tex. Mar. 22, 2004) ............................ 11

*Talamantes v. Chromalloy Gas Turbine Corp.*,
  2008 WL 5061644 (W.D. Tex. Nov. 25, 2008) ...................................................................... 13

*Texas Health Res. v. Aetna Health Inc.*,
  4:13-CV-1013-A, 2014 WL 553263 (N.D. Tex. Feb. 12, 2014) ............................................ 11

*Vantage Drilling Co. v. Hsin-Chi Su*,
  741 F.3d 535 (5th Cir. 2014) ..................................................................................................... 6

*Waddell v. Edison Chouest Offshore*,
  93 F. Supp. 3d 714 (S.D. Tex. 2015) ........................................................................................ 5

**Statutes**

28 U.S.C. §1447(c) ........................................................................................................................ 10

This is a dispute over the rate of payment in a contract between a hospital and an insurance company. Baptist Hospitals of Southeast Texas ("Baptist") filed this breach of contract case in state court, seeking solely the equitable, non-monetary remedies of specific performance and injunctive relief. Baptist sued Aetna Health Inc. ("Aetna") because after paying Baptist at a certain contractual rate for nearly five years, Aetna recently demanded a refund of those payments based on its new allegation that a different payment rate applies. The state court entered a temporary restraining order to prevent Aetna from clawing back the previous payments that Aetna correctly paid at the agreed-upon rate and scheduled a temporary injunction hearing for July 17, 2018. To avoid that hearing, Aetna immediately removed the case on the alleged grounds that Baptist has asserted ERISA claims. Aetna's assertion is incorrect and groundless.

Baptist sued Aetna because there is a dispute about the correct *rate* of payment under a contract between the two companies. Baptist's contract and equitable rights are legal bases independent of ERISA; Baptist's claim does not involve a determination of the *right* of any insured to receive payment under an ERISA plan. Baptist does not seek ERISA benefits. Under clear Fifth Circuit precedent that a dispute over the contractual *rate* of payment does not create federal jurisdiction (in a case that involved Aetna and its same counsel here), Aetna's removal was intentionally improper. This Court should therefore remand, and require Aetna to pay Baptist's costs and attorneys' fees.

1.  **Background**

Baptist and Aetna entered into the Hospital Services Agreement effective June 1, 2013 ("Agreement"). Under the Agreement, the parties agreed that Aetna would reimburse Baptist for high-cost drugs and implants at X% of billed charges for June 1, 2013 and at Y% of billed

761760.1

charges for January 1, 2014 forward (the "Agreement").[1]  This was the same contractual payment structure that had been in place between Baptist and Aetna under a prior contract since 2004—the only change in the new contract was the applicable percentage of billed charges.

Aetna has paid Baptist pursuant to the Agreement for more than five years, reimbursing high-cost drugs and implants at X% in 2013 and at Y% from 2014 through the present.  Aetna paid for millions of dollars of drugs and implants that Baptist provided when treating Aetna's insureds, all pursuant to the correct rate of payment under the Agreement.  As it approved and paid those claims, Aetna did not state that X% or Y% was not the correct contractual rate for reimbursement of high-cost drugs and implants.

In late 2015, Cotiviti, a third-party auditor working for Aetna, came up with a new interpretation of the Agreement to claim that Aetna had been "overpaying" for high-cost drugs and implants since 2013.  Cotiviti did not participate in the contractual negotiations or in the contractual relationship between Baptist and Aetna.  Thus, Cotiviti was not aware that the parties had never discussed or negotiated anything other than a percentage of billed charges reimbursement structure for high-cost drugs and implants.  But Cotiviti is likely paid by Aetna on a contingent basis; i.e. some or all of Cotiviti's compensation is based on the amount of purported "overpayments" that Cotiviti helps payers like Aetna recover from healthcare providers like Baptist.  Thus, in late 2015 Cotiviti claimed that a different rate structure applied that limited Baptist's reimbursement to no more than a certain mark-up over Baptist's acquisition cost, based on boilerplate language in the Agreement that does not apply because the parties did not check any box to indicate that it did.

---

[1] The specific percentages in the Agreement are confidential, but can be provided to the Court on an *in camera* basis or under seal.

2

Despite Cotiviti's new claims about the Agreement, Aetna continued to pay Baptist Hospitals in accordance with the Agreement, reimbursing high-cost drugs and implants at Y% of billed charges in 2016, 2017, and 2018.  However, in March 2018, after more than two years of "auditing," Cotiviti demanded, on Aetna's behalf, that Baptist "refund" $2,155,688.22 for high-cost drugs and implants that Aetna had already approved and paid for in 2014, 2015, and 2016. That same month, another third-party auditor working for Aetna, OmniClaim, followed Cotiviti's lead and sent Baptist a separate "refund" request for $489,215.50 for high-cost drugs and implants that Aetna had already approved and paid for in 2016 and 2017.  These "refund" requests were made based solely on Cotiviti's new argument about the contract's *payment rate* that was first raised in late 2015, more than two years after the Agreement was executed.

Baptist disputed both "refund" requests in writing and asked to have a meeting with Aetna to discuss these issues.  Aetna denied Baptist's written dispute and did not respond to Baptist's requests for a meeting.  In mid-June 2018, Aetna began recouping the purported "overpayments."

    **1.1.    Contrary to Aetna's characterization, Baptist asserts a claim for breach of contract and seeks specific performance and injunctive relief, not ERISA benefits, because Aetna recently began disputing the contractual rate that it has paid for over five years.**

On July 3, 2018, Baptist filed this case in state court, asserting a single claim for breach of contract and seeking specific performance and injunctive relief. Ex. 1, Original Petition.  The entire crux of the parties' dispute is a disagreement over the contract's payment rate—Baptist maintains the Agreement requires payment for high-cost drugs and implants of Y% of billed charges, while Aetna now claims that Y% of billed charges is not the correct rate.  *Id.*, at ¶¶ 32-33.  By filing this lawsuit, Baptist seeks to enforce the agreed-upon rate of payment rate of Y% of billed charges, without regard to acquisition cost.  Baptist seeks specific performance and

injunctive relief requiring Aetna to abide by the contract's payment rate and to refrain from demanding or obtaining any "refunds" of purported overpayments. *Id.*, at ¶¶ 43-44.

Baptist's breach of contract claim does not involve the *right* to payment under the terms of an ERISA benefits plan: Baptist does not seek to litigate whether Aetna properly or improperly denied coverage for any particular Aetna insured. These are all claims that Aetna already determined were covered (in most cases, years ago) and already paid at Y% of billed charges. Thus, Baptist seeks a court order that Aetna cannot demand a "refund" for high-cost drugs and implants that Aetna already determined were covered and properly reimbursed at the correct contractual rate, because obtaining such a "refund" is a breach of the Agreement.

> **1.2. After the state court entered a TRO enjoining Aetna from clawing back payment on valid claims that Aetna had already approved and paid at the agreed-upon rate, Aetna immediately and improperly removed to this Court.**

The 60th District Court of Jefferson County entered a temporary restraining order against Aetna on July 3, 2018, the day that the case was filed. The court found that Baptist had shown a probable injury and probable right to recovery and that, if the court did not issue the requested order, Baptist would be irreparably harmed. Ex. 2. Accordingly, the state court enjoined Aetna from "(a) withholding, recouping, or offsetting payment to Baptist Hospitals, (b) attempting to withhold, recoup, or offset payment to Baptist Hospitals, and (c) otherwise seeking a refund of alleged overpayments, on the basis that the Hospital Services Agreement limits payments for high-cost drugs and implants based on the invoice or acquisition cost." *Id.* The court scheduled a hearing on Baptist's application for a temporary injunction for July 17, 2018. *Id.*

The next business day after the TRO was entered, July 5, Aetna filed its notice of removal, wrongly asserting that Baptist's claim for breach of the Agreement between Aetna and Baptist must be litigated in federal court.

4

**2.     Legal standard for removal**

Federal courts have limited jurisdiction with specific jurisdictional requirements and limitations. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005). When a party seeks to adjudicate a matter in federal court, the party must demonstrate that the federal court has jurisdiction over the matter. *Id.; see also Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001) (court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum"). Accordingly, the party seeking removal bears the burden of showing that federal jurisdiction is proper. *See*, *e.g.*, *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). "Because removal deprives the state court of an action properly before it, removal raises significant federalism concerns and the statute is therefore to be strictly construed, with any doubt about the propriety of removal resolved in favor of remand." *Waddell v. Edison Chouest Offshore*, 93 F. Supp. 3d 714, 716 (S.D. Tex. 2015); *see also African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

**3.     This case should be remanded because Baptist's claim for breach of contract is not ERISA preempted.**

Because Baptist's claim for relief (a) could not be brought under ERISA § 502(a)(1)(B); (b) arises from independent legal sources; and (c) involves the <u>rate</u> of payment, as opposed to the <u>right</u> of payment, Baptist's claim is not preempted by ERISA. This case should be remanded.

5

### 3.1. Case law within the Fifth Circuit (including multiple cases lost by Aetna) is very clear that claims that implicate the rate of payment under a contract, rather than the right of payment under a benefit plan, are not preempted.

Complete ERISA preemption applies only where "an individual, at some point in time, could have brought his claims under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

In a previous case involving Aetna and its same counsel here, the Fifth Circuit set forth the test for ERISA preemption in cases involving a healthcare provider's dispute with an insurance company about the parties' contract rate, which also has been adopted by other Circuits and District Courts within the Fifth Circuit:

> A claim that implicates the *rate* of payment as set out in the Provider Agreement, rather than the *right* to payment under the terms of the benefit plan, does not run afoul of *Davila* and is not preempted by ERISA.

*Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 530 (5th Cir. 2009) (holding no preemption) (emphasis in original). "This is because a dispute concerning only the contractual rate of payment is a breach-of-contract claim, not an ERISA claim." *Kelsey-Seybold Med. Group PA v. Great-W. Healthcare of Texas, Inc.*, 611 Fed. Appx. 841, 842 (5th Cir. 2015). Thus, where a "partial payment . . . resulted from a denial of benefits under the plan, the claim may be preempted," *Lone Star*, 579 F.3d at 533, but "where claims do not involve coverage determinations, but have already been deemed 'payable,' and the only remaining issue is whether they were paid at the proper contractual rate, ERISA preemption does not apply." *Id.* at 532.

### 3.2. Baptist's breach of contract claim concerning the correct rate of payment under the Agreement is not preempted by ERISA.

Baptist's claim for breach of contract does not satisfy the test for ERISA preemption. First, Baptist's claim is not one that could have been brought under ERISA § 502(a)(1)(B).

6

761760.1

Baptist is not bringing claims based upon specific assignments from Aetna plan participants. *See* Ex. 1, at ¶¶ 43-44. Baptist instead seeks to enforce the contractual payment rate term contained in the Agreement between Baptist and Aetna. *Id.* These rights are not ones that benefit plan participants could assert because they are not parties to the Agreement. Therefore, Baptist's claim could not have been brought under ERISA § 502(a)(1)(B). *See N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 313 (S.D. Tex. 2011), *aff'd sub nom. N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015).

Second, Baptist's claim arises from independent sources of legal obligation regarding the correct rate of payment under the Agreement (and *not* the right of payment under the terms of an ERISA plan). "[T]he question is not whether plaintiff's claims relate to benefits under ERISA plans, but rather whether adjudication of those claims requires an interpretation of an ERISA plan." *Kelsey-Seybold Med. Group PA*, 611 Fed. Appx. at 842. Contrary to Aetna's factually unsupported and incorrect representations in its removal, Baptist is not complaining about Aetna's coverage determinations under the terms of the underlying ERISA plans. *See* Removal Notice, at ¶ 8. A review of Baptist's Petition makes clear that this dispute relates only to the correct payment rate under the Agreement, not any individual coverage determinations. *See* Ex. 1, at ¶¶ 32-33. The claims at issue are claims that Aetna already determined are covered and already has paid at the correct contractual rate, but now seeks to recoup based on a new argument about the payment rate that was first invented in late 2015 by Aetna's outside "recovery" auditor. *See id.*, at ¶¶ 31-37. There is no need to look at the terms of any ERISA plan to adjudicate Baptist's claim and award Baptist the relief it seeks. As such, Baptist's claim is not preempted. *N. Cypress Med. Ctr. Operating*, 782 F. Supp. 2d at 313 ("Because the Discount Agreements create a legal duty apart from the ERISA plans and resolution of the claim does not necessarily

7

require interpretation of the plan, North Cypress' breach of contract claim is not preempted by ERISA.").

In a multitude of similar disputes between other healthcare providers and *__Aetna__* (represented by its same counsel here), courts have consistently remanded cases where the dispute was over the contractual rate of payment, not the right to payment under the terms of an ERISA plan. *See, e.g.*, *Ne. Hosp. Auth. v. Aetna Health Inc.,* H–07–2511, 2007 WL 3036835, at \*\*10-11 (S.D. Tex. Oct. 17, 2007) (Rosenthal, J.) (state law claims that "Aetna paid only 75% of billed charges" for certain patients and "85% of a lower per diem rate" for other patients were not preempted because they arose "out of the parties' Hospital Agreement, not the terms of the ERISA patient's benefit plans"); *Mem'l Hermann Hosp. Sys. v. Aetna Health Inc.*, CIV A. H09-3342, 2010 WL 3817163, at \*3 (S.D. Tex. Sept. 27, 2010) (Harmon, J.) (granting motion to remand because provider "challenge[d] the rate of payment received from Aetna under the Agreement" and made "no mention of any claim based on a right to payment under the terms of an ERISA benefit plan"); *Plano Orthopedic & Sports Med. Ctr., P.A. v. Aetna U.S. Healthcare of N. Texas, Inc.*, 3:09-CV-2124-L, 2011 WL 1428977, at \*5 (N.D. Tex. Apr. 12, 2011) (Lindsay, J.) (granting motion to remand because provider's claims were limited to disputes about the rate of payment, not the right of payment); *Plano Orthopedic & Sports Med. Ctr., P.A. v. Aetna Health, Inc.*, 3:12-CV-01744-L, 2012 WL 5355800, at \*4 (N.D. Tex. Oct. 30, 2012) (Lindsay, J.) (granting second motion to remand because "Aetna has no jurisdictional or procedural basis to remove this action to federal court for a second time"); *Mem'l Hermann Hosp. Sys. v. Aetna Health Inc.*, CIV.A. H-06-00828, 2007 WL 1701901, at \*5 (S.D. Tex. June 11, 2007) (Miller, J.) (granting motion to remand because "[i]n essence, plaintiff seeks damages measured by the charges for its discounted services to the defendants, not the full recovery it

8

could receive on the patients' assigned benefit claims" under ERISA).[2]  By contrast, courts have denied motions to remand in cases involving Aetna where the plaintiff's claims would require a coverage determination under an ERISA plan—these cases typically involve individual patients and not healthcare providers who have a contract with Aetna.  *See, e.g.*, *Christie v. Aetna Health, Inc.*, No. 4:10–cv–1766, 2011 WL 5864248, at *6 (S.D. Tex. Nov. 22, 2011) (denying motion to remand because the case brought by individual plaintiff turned on whether Aetna had received adequate documentation to enable a determination of whether certain procedures were covered under the ERISA plan).  Those circumstances are not present here.

Based on a plain reading of Baptist's pleading and the governing case law, this is not a close call.  The Court should remand.

**4.    The Court should require Aetna to pay Baptist's attorneys' fees and costs related to Aetna's improper removal—Aetna and its counsel are very familiar with the governing legal standard and have been remanded to state court multiple times in similar cases.**

Given its extensive background with these types of cases, Aetna's removal of this case was intentionally improper.  At the very least, Aetna lacked an objectively reasonable basis for

---

[2] *See also Kindred Hosps. Ltd. P'ship v. Aetna Life Ins. Co.*, 3:16-CV-3379-D, 2017 WL 2505001, at *7 (N.D. Tex. June 9, 2017) (Fitzwater, J.) (finding no coverage dispute under ERISA plans because "charges either were paid (albeit at a reduced rate) or were not submitted in the first place. Accordingly, Kindred's contract claims are not completely preempted."); *Methodist Hosps. of Dallas v. Aetna Health Inc.*, 3:13-CV-4992-B, 2014 WL 3764879, at *7 (N.D. Tex. July 30, 2014) (Boyle, J.) (granting motion to remand in case involving dispute over whether Aetna timely paid claims); *Texas Health Res. v. Aetna Health Inc.*, 4:13-CV-1013-A, 2014 WL 553263, at *7 (N.D. Tex. Feb. 12, 2014) (McBryde, J.) (granting motion to remand because Aetna "failed to show that any of plaintiff's claims are completely preempted by ERISA" where provider sought to recover statutory penalties for Aetna's late payments); *S. Texas Spinal Clinic, P.A. v. Aetna Healthcare, Inc.*, CIV.A.SA-03-CA0089FB, 2004 WL 1118712, at *4 (W.D. Tex. Mar. 22, 2004) (Biery, J.) (granting motion to remand in case involving dispute over whether Aetna timely paid claims).

removal. Baptist respectfully requests that the Court award it attorneys' fees and costs related to Aetna's improper removal. 28 U.S.C. §1447(c).

Aetna and its counsel are no strangers to the governing Fifth Circuit test set forth in the seminal *Lone Star* decision—indeed, they were directly involved in and argued that case. To make matters worse, in its Petition filed in state court Baptist cited *Lone Star* and informed Aetna that this case was not removable to federal court because it is a dispute over the contractual rate of payment. *See* Ex. 1, at ¶ 9. Moreover, as set forth above, Aetna and its same counsel here have removed numerous cases that were subsequently remanded because, like here, they involved breach of contract claims brought by a healthcare provider based on a dispute over the contractual rate of payment. Highlighted copies of those cited decisions are attached hereto. *See* Appendix. Given the plethora of case law rejecting removal of rate payment disputes on the grounds Aetna asserts here – case law that involves Aetna – Aetna and its counsel certainly knew better than to attempt removal of a case that only involves a dispute over the *rate* of payment. Aetna's removal was improper and done only to delay and hinder Baptist's ability to obtain relief for Aetna's breaches. At the very least, Aetna's removal lacked an objectively reasonable basis, calling for an award of costs and fees. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *Talamantes v. Chromalloy Gas Turbine Corp.*, 2008 WL 5061644, at *4 (W.D. Tex. Nov. 25, 2008).

**5.     Conclusion**

Aetna has failed to meet its burden to establish federal jurisdiction. Baptist's Texas-law claim for breach of contract is not a claim for ERISA benefits—it need not be (and indeed cannot be) resolved in federal court. Because this Court lacks subject-matter jurisdiction, it should remand this case to state court and award Baptist its costs and attorneys' fees related to Aetna's intentionally improper removal.

10

        Respectfully submitted,

        SMYSER KAPLAN & VESELKA, L.L.P.

        */s/ Jeff Potts*
        Jeff Potts
        State Bar No. 00784781
        Fed ID No. 16804
        jpotts@skv.com
        Jarod R. Stewart
        State Bar No. 24066147
        Fed ID No. 1043011
        jstewart@skv.com
700 Louisiana, Suite 2300
Houston, Texas 77002
713/221-2300 - telephone
713/221-2320 – fax

STRONG PIPKIN BISSELL & LEDYARD, LLP

*/s/ Greg M. Dykeman*
Greg M. Dykeman
State Bar No. 06325100
595 Orleans, Suite 1400
Beaumont, TX 77701
Tel: (409) 981-1120
Fax: (409) 981-1010
gdykeman@strongpipkin.com

**ATTORNEYS FOR BAPTIST HOSPITALS OF SOUTHEAST TEXAS**

### CERTIFICATE OF CONFERENCE

I have conferred with counsel for Defendant, who is opposed to remand.

        */s/ Jarod R. Stewart*
        Jarod R. Stewart

11

761760.1

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the above and foregoing instrument has been served on all counsel of record as shown below on this 9th day of July, 2018, via the court notification system and by email.

                */s/   Jarod R. Stewart*
                Jarod R. Stewart